**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EMILY SEARS, NAJOME COLON a/k/a GIA MACOOL, RACHEL BERNSTEIN a/k/a RACHEL KOREN, LUCY PINDER, and MARIANA DAVALOS<br><br>Plaintiffs,<br><br>vs.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB; and SN INVESTMENT PROPERTIES, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB<br><br>Defendants. | Case No. 2:19-cv-01091-APG-NJK<br><br><br>**STIPULATION AND ORDER TO EXTEND DEADLINE FOR DISCLOSURE OF EXPERT WITNESSES AND REPORTS**<br><br>[FIRST REQUEST] |

Plaintiffs, Emily Sears, Najome Colon a/k/a Gia Macool, Rachel Bernstein a/k/a Rachel Koren, Lucy Pinder, and Mariana Davalos (collectively "Plaintiffs"), by and through their counsel, Alverson Taylor & Sanders, and Defendants, Russell Road Food and Beverage, LLC d/b/a Crazy Horse III Gentlemen's Club and SN Investment Properties, LLC d/b/a Crazy Horse III Gentlemen's Club[1] (collectively "Defendants"), by and through their counsel, Bendavid Law, hereby stipulate and agree that the deadline for disclosing expert witnesses and reports, which is

---

[1] Defendant SN Investment disputes that it is "doing business as Crazy Horse III Gentlemen's Club".

1

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

currently set for December 16, 2019, should be extended by 75 days to March 2, 2020. Due to the extension of the deadline for expert disclosures, the Parties also hereby stipulate and agree that the deadlines for close of discovery, rebuttal experts, the interim status report, dispositive motions, and the pre-trial order be extended 75 days as well, as outlined in the Proposed Extended Discovery Plan below:

The Parties have conferenced together in an attempt to be proactive and anticipate the amount of time that will actually be needed to perform the required discovery in this matter. Counsel for the Parties have discussed certain conflicts and circumstances arising in the next month that indicate there is good cause for the requested extension and the Parties desire to submit this stipulation now rather than waiting until the last minute to request additional time that will be needed in this matter. There are several reasons why there is good cause to extend the expert disclosure and other deadlines. First, the Parties are hopeful that they may be able to reach a resolution of this matter without the need to proceed all the way through the litigation process and to trial. Plaintiffs have recently received a preliminary estimate of damages from an expert and are hopeful that this number can be used as a starting point for meaningful settlement discussions with Defendants. The Parties feel that granting additional time for normal discovery through written discovery and depositions, as needed, will allow the Parties to obtain additional information that will better allow them to evaluate the possibility of settlement in this matter. However, requiring the Parties to retain and disclose experts early in this process will hamper any negotiations by increasing the costs for both Parties and making settlement more difficult due to those increased costs.

Additionally, another expert who Plaintiffs anticipate needing to retain should negotiations prove unsuccessful will need certain information that Plaintiffs intend to obtain through discovery. Although Plaintiffs have propounded their first sets of Interrogatories and

KB/26281

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

1  Requests for Production on each Defendant, more time will be needed to get Defendants'

2  responses and provide this information to the contemplated expert to give them time to complete

3  their evaluations and reports. Specifically, Plaintiffs anticipate that their expert will need to

4  perform a market research survey to explore possible consumer confusion. In order to complete

5  this survey and the accompanying report, this expert will need information that will be obtained

6  from Defendants via the propounded written discovery that is currently pending and possibly

7  follow up discovery requests and possibly depositions of Defendants depending on the responses

8  to Plaintiffs' first sets of written discovery. Once this information is obtained the expert will need

9  time to formulate and distribute the survey and gather and analyze the results. The timing of this

10  is complicated by conflicts in the expert's schedule during the holidays as well as difficulty in

11  obtaining responses to the market survey if it is distributed during the busy holiday season. The

12  types of experts that it appears will be necessary if the Parties are unable to resolve this matter

13  require time to adequately perform their analysis and evaluation and draft a report.

14      The Scheduling Order in this case was issued on September 12, 2019. Since that time, the

15  Parties have exchanged and supplemented their Initial Disclosures. Plaintiffs have propounded

16  written discovery in the form of Interrogatories and Requests for Production of Documents on

17  each Defendant. Following service of Plaintiffs' written discovery, the Parties agreed to a

18  stipulated protective order that was signed by the Court on October 31, 2019. The Parties have

19  agreed to an extension of the deadline for Defendants to respond to those discovery requests due

20  to the fact that Defendants' counsel will be out of the country for a period of time and the busy

21  holiday schedule. The Parties have agreed that Defendants' responses to Plaintiffs' first set of

22  written discovery shall be due by December 20, 2019 to accommodate the busy schedules of the

23  Parties and their respective counsel during the holiday season as well to accommodate for

24  defense counsel's time out of the country.

KB/26281

The discovery that remains to be completed includes taking depositions of the Parties as well as depositions of the experts that are retained by each Party after those experts have performed their analysis and generated their reports and the Parties' expert disclosures have been made. The Parties will also likely propound additional written discovery depending on the responses to Plaintiffs' first sets of written discovery and also following the disclosure of the experts the Parties retain in this matter. Pushing back the expert disclosure deadline in this matter is necessary to allow the Parties time to conduct additional written discovery, and possibly depositions, that will be needed by the experts to perform their analysis.

Additionally, it will give the Parties time to attempt to reach a settlement agreement resolving this matter without the Parties being forced to retain experts and incur costs that will make settlement much more difficult. Because it is necessary to push back the expert disclosure deadlines by 75 days to allow the Parties to gather additional information that is needed to help in settlement negotiations and that will be required by contemplated experts, the Parties anticipate that deadlines for close of discovery, rebuttal experts, the interim status report, dispositive motions, and the pre-trial order will also need to be extended by 75 days as well. For this reason, the Parties have also agreed to extend these other discovery-related deadlines by 75 days as well, as outlined in the "Proposed Extended Discovery Plan" provided below.

## PROPOSED EXTENDED DISCOVERY PLAN

The Parties hereby stipulate and agree to extend the discovery deadlines in this case as follows:

| EVENT | PROPOSED NEW DEADLINE |
|---|---|
| a) Close of Discovery: | Monday, April 27, 2020 |
| b) Disclosure of Experts: | Monday, March 2, 2020 |
| c) Disclosure of Rebuttal Experts: | Monday, March 30, 2020 |

KB/26281

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

d) Filing of Interim Status Report:     Monday, March 2, 2020

e) Filing Dispositive Motions:     Wednesday, May 27, 2020

f) Filing of Pretrial Order:     Monday, June 29, 2020

The Parties agree and stipulate to this 75-day extension to provide adequate time to complete the discovery that will need to be done after expert disclosures are made. The Parties are aware that this is a significant extension but they feel that it is needed for the reasons discussed above and the Parties affirm that this extension is sought in good faith.

**IT IS SO STIPULATED.**

Dated: November 15, 2019

ALVERSON TAYLOR & SANDERS

By: */s/ David M. Sexton*
　　Kurt R. Bonds, Esq.
　　Nevada Bar No. 6228
　　David M. Sexton, Esq.
　　Nevada Bar No. 14951
　　6605 Grand Montecito Parkway
　　Suite 200
　　Las Vegas, Nevada 89149
　　*Attorneys for Plaintiffs*

Dated: November 15, 2019

BENDAVID LAW

By: */s/ Stephanie J. Smith*
　　Jeffery A. Bendavid, Esq.
　　Nevada Bar No. 6220
　　Stephanie J. Smith, Esq.
　　Nevada Bar No. 11280
　　7301 Peak Drive
　　Suite 150
　　Las Vegas, Nevada 89128
　　*Attorneys for Defendants*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

KB/26281

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PARKWAY
SUITE 200
LAS VEGAS, NEVADA 89149
(702) 384-7000

## ORDER

**IT IS SO ORDERED.**

The following discovery-related deadlines will be extended 75 days to the dates shown below:

1. Close of Discovery:      Monday, April 27, 2020

2. Disclosure of Experts:     Monday, March 2, 2020

3. Disclosure of Rebuttal Experts:  Monday, March 30, 2020

4. Filing of Interim Status Report:  Monday, March 2, 2020

5. Filing Dispositive Motions:   Wednesday, May 27, 2020

6. Filing of Pretrial Order:    Monday, June 29, 2020

DATED November 18, 2019

_____
UNITED STATES MAGISTRATE JUDGE

**GIVEN THE LENGTHY EXTENSION
BEING PROVIDED, NO FURTHER
EXTNESIONS WILL BE GRANTED.**

6