# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EMILY SEARS, et al.,

    Plaintiff(s),

v.

RUSSELL ROAD FOOD AND BEVERAGE, LLC, et al.,

    Defendant(s).

Case No.: 2:19-cv-01091-APG-NJK

**ORDER**

(Docket No. 41)

Pending before the Court is the parties' motion to temporarily stay proceedings. Docket No. 41. Specifically, the parties ask to stay discovery pending decisions on Defendants' motions to dismiss "and/or resolution of the COVID-19 [ ] issues." *Id.* at 2. The parties ask for a "stay of at least forty-five [] days, or pending the rulings on the motions to dismiss, and/or whatever time period the Court deems fair for the Parties." *Id.* at 5.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The mere fact that parties stipulate to a stay does not limit the Court's discretion to order a stay." *Estate of Evans v. Kinecta Fed. Credit Union*, 2014 WL 12790972, at *1 (D. Nev. June 27, 2014). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).

The case law in this District makes clear that requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to

1

state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] When stipulating to a stay of discovery, the parties have the burden to show that discovery should be stayed. *See Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013).

The Court finds that all the standards are not met; therefore, a stay of discovery based on the pending motions to dismiss, Docket Nos. 14, 16, is inappropriate here. The Court finds that the motions to dismiss are potentially dispositive and that they can be decided without discovery. The Court is not convinced, however, that the motions to dismiss "will prevail, and therefore, discovery [would be] a waste of effort." *Trazaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011). Accordingly, the Court will deny in part the parties' instant motion as to the pending motions to dismiss as a basis for a stay of discovery.

The parties also submit that COVID-19 has "infringe[d] on [their] ability to conduct and meaningfully participate in the discovery process[.]" Docket No. 41 at 9. Specifically, the parties submit:

> At least two of the Plaintiffs were scheduled to attend their depositions in person, and now have significant fears about traveling to Las Vegas, Nevada from their respective homes in Southern California and England, and even yesterday the United States government suspended travel to the United States from Europe. Plaintiff Davalos is approximately nine (9) months pregnant and has already been placed on travel restrictions from a physician, and as such she was already restricted in having her deposition taken in the allotted time frame in Nevada. Further, the remaining Plaintiffs are also from different states, outside of Nevada. Defendant wishes to take the in-person videotaped depositions of Plaintiffs in Las Vegas, Nevada, the Plaintiffs' chosen venue. However, numerous entities are now cancelling events, restricting travel, and recommending persons to stay at home in isolation, including the Center for Disease Control, thereby making depositions in-person or by any means, significantly impeded.

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not discuss the merits of the pending motion to dismiss here. Still, the undersigned has carefully reviewed the arguments in the motion to dismiss and later briefing.

*Id.* Due to the parties' infringed ability to meaningfully participate in the discovery process because of COVID-19, the Court will grant in part the parties' instant motion as to this basis for a stay of discovery.

For the reasons stated above, the Court **GRANTS** in part the parties' instant motion. Docket No. 41. Discovery in this case is stayed until, April 27, 2020, forty-five days from this order. No later than April 30, 2020, the parties shall submit a joint proposed discovery plan for the remainder of discovery in this case.

IT IS SO ORDERED.

Dated: March 13, 2020

Nancy J. Koppe
United States Magistrate Judge