# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EMILY SEARS, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC and SN INVESTMENT PROPERTIES, LLC,<br><br>    Defendants | Case No.: 2:19-cv-01091-APG-NJK<br><br>**Order Granting in Part Defendant Russell Road's Motion to Dismiss**<br><br>[ECF No. 14] |

Plaintiffs Emily Sears, Najome Colon, Rachel Bernstein, Lucy Pinder, and Mariana Davalos are models who allege that their pictures were posted online by Crazy Horse III Gentlemen's Club without their permission in connection with advertising for Crazy Horse, which is a strip club. They sue Russell Road Food and Beverage, LLC (Russell Road) and SN Investment Properties, LLC alleging both are owners of Crazy Horse. They each assert claims for Lanham Act false advertising, Lanham Act false endorsement, Nevada right of publicity, and negligence/*respondeat superior*. The allegations are essentially the same for each plaintiff, alleging they are famous models and identifying the date that Crazy Horse uploaded at least one unauthorized picture to Crazy Horse's social media. The plaintiffs allege those pictures remain on Crazy Horse's social media pages.

Russell Road moves to dismiss, arguing that based on the dates of the uploads identified in the complaint, some of the plaintiffs' claims are time-barred. As to the negligence claims, Russell Road argues the complaint is vague and does not identify a duty, and the economic loss doctrine bars the claims. The plaintiffs respond by disputing the applicable statute of limitations

and arguing that the continuing tort doctrine applies to extend the limitation period.  As to the negligence claim, they argue Russell Road was negligent by (1) using the plaintiffs' images without authorization and (2) failing to maintain policies and procedures to prevent the unauthorized use of their images in Crazy Horse's advertising.  They also contend Russell Road is liable under *respondeat superior* for its employees' negligent acts.  Finally, they argue the economic loss doctrine does not apply because they suffered reputational harm.

I grant Russell Road's motion to dismiss Pinder's Lanham Act and right of publicity claims because they are untimely.  I dismiss all of the plaintiffs' negligence claims because I predict Nevada would not recognize a duty outside of its right of publicity statute to not use the plaintiffs' images without authorization or to maintain policies and procedures to prevent an unauthorized use of those images.  I deny Russell Road's motion in all other respects.

**I. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).  However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

    **A.  Limitation Periods**

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex*

*rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitation period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997); *Pouncil v. Tilton*, 704 F.3d 568, 573 (9th Cir. 2012) (same for federal law).

Russell Road argues, and the plaintiffs do not dispute, that their claims run from the date of the uploading of each picture as alleged in the complaint. I therefore use the upload date of the identified picture for each plaintiff as the date their causes of action accrued.

### 1. Lanham Act Claims

"The Lanham Act contains no explicit statute of limitations." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 836 (9th Cir. 2002). It is unclear whether the Lanham Act is governed by a limitation period, as opposed to laches.[1] *See Yeager v. Bowlin*, 495 F. App'x 780, 781-82 (9th Cir. 2012) ("We have not resolved whether a statute of limitations defense applies to claims under the Lanham Act, which are of equitable character." (quotation omitted)); *see also Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1023 (9th Cir. 2018) (stating that "the Lanham Act vests courts with the power to grant relief according 'to the principles of equity'" (quoting 15 U.S.C. §§ 1116, 1117)).

The limitation period is related to the laches analysis, however, because laches involves "looking to whether the most analogous state statute of limitations has expired" to determine whether the plaintiff's delay was reasonable. *Pinkette Clothing, Inc.*, 894 F.3d at 1025. If the most analogous state statute of limitations expired before the plaintiff filed suit, then "there is a strong presumption in favor of laches." *Id.* But that presumption "is reversed . . . if the most

---

[1] Laches "is a valid defense to Lanham Act claims, including those for false advertising." *Jarrow Formulas, Inc.*, 304 F.3d at 835. The party asserting that a claim is barred by laches "must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit." *Id.*

analogous state statute of limitations expired after suit was filed." *Id.*  "Determining which state statute is most analogous depends on the state in question." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 720 n.17 (9th Cir. 2004).

The parties do not address laches and treat the plaintiffs' Lanham Act claims as governed by the most analogous statute of limitations.  So, for purposes of resolving this motion to dismiss, I will do the same.

The parties dispute what Nevada statute of limitation is most analogous to the plaintiffs' Lanham Act false advertising and false endorsement claims.  Russell Road argues that the most analogous claim is for fraud, which has a three-year limitation period.  Russell Road contends the Ninth Circuit has previously affirmed that the three-year limitation period applies in Nevada. The plaintiffs respond that the four-year period for claims under Nevada's Deceptive Trade Practices Act (NDTPA) is the most analogous.  They note that the Ninth Circuit previously applied a three-year limitation period only because the parties in those cases agreed that was the applicable statute of limitations.

The plaintiffs' false advertising and false endorsement claims are most analogous to the NDTPA.  That Act defines a deceptive trade practice to include, among other things "[k]nowingly mak[ing] a false representation as to the source, sponsorship, approval or certification of goods or services for sale or lease," and "[k]nowingly mak[ing] a false representation as to affiliation, connection, association with or certification by another person." Nev. Rev. Stat. §§ 598.0915(2), (3).  Other courts that have analyzed the issue have reached the same conclusion. *See T.R.P. Co., Inc. v. Similasan AG*, No. 2:17-cv-02197-JCM-CWH, 2018 WL 6182055, at *10 (D. Nev. Nov. 27, 2018); *Aristocrat Techs., Inc. v. High Impact Design & Entm't*, No. 2:07-cv-01033-BES-LRL, 2009 WL 1811464, at *3 (D. Nev. June 23, 2009).  In the

4

two Ninth Circuit cases that Russell Road relies on, the Ninth Circuit merely applied the limitation period that the parties in each case agreed governed the claims. *See Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013) (stating that the defendant "agrees that the limitations period from the most analogous action under state law is three years"); *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1139 (9th Cir. 2006) (stating "the parties here agree" the limitation period is three years).

Russell Road contends the NDTPA is not analogous because the plaintiffs are not consumers and only consumers can bring claims under that Act, but that is incorrect. Nevada Revised Statutes § 41.600 creates a cause of action for a victim of "consumer fraud," which includes deceptive trade practices identified in § 598.0915 to § 598.0925. Section 41.600 permits "any person who is a victim of consumer fraud" to bring suit. *See Del Webb Communities, Inc. v. Partington*, 652 F.3d 1145, 1152 (9th Cir. 2011) ("NRS 41.600(2) defines the kinds of actions that constitute 'consumer fraud' not by referring to a certain type of victim, but by cross-referencing other NRS sections defining deceptive trade practices and other offenses."); *S. Serv. Corp. v. Excel Bldg. Servs., Inc.*, 617 F. Supp. 2d 1097, 1099 (D. Nev. 2007) (holding a business competitor may be a "victim of consumer fraud" under the NDTPA). Thus, "the role of an individual in a transaction is irrelevant so long they are a 'victim of consumer fraud.'" *Del Webb Communities, Inc.*, 652 F.3d at 1152. "[T]o be a victim under this statute, the plaintiff need only have been 'directly harmed' by the defendant." *Id.* at 1153. The plaintiffs allege they were directly harmed by Russell Road's false advertising and false endorsement.

The NDTPA has a four-year limitation period. Nev. Rev. Stat. § 11.190(2)(d). The plaintiffs filed suit on June 24, 2019. ECF No. 1. So the plaintiffs' claims are timely for any image uploaded within four years of that date. As a result, all of the plaintiffs' claims in counts

1  one and two are timely except for Pinder's. *See* ECF No. 8 at 12 (Sears' image uploaded July 5,
2  2017); *id.* at 14 (Colon's image uploaded July 9, 2016); *id.* at 17 (Bernstein's image uploaded
3  November 29 and 30, 2016); *id.* at 22 (Davalos's image uploaded November 2, 2015).  I
4  therefore deny Russell Road's motion to dismiss Sears', Colon's, Bernstein's, and Davalos's
5  Lanham Act claims.

6        Pinder's image was uploaded on March 20, 2015. *Id.* at 20.  She argues her Lanham Act
7  claims nevertheless are timely under the continuing tort doctrine because the images are still
8  posted online and because "each time Defendants added a new picture or advertisement to their
9  Facebook page, it was a form of republishing Pinder's image, and associating Pinder with the
10 new material posted, causing additional harm." ECF No. 27 at 7-8.

11       Under the continuing tort doctrine, when "a tort involves continuing wrongful conduct,"
12 the limitation period does not begin to run "until that conduct ends." *Flowers v. Carville*, 310
13 F.3d 1118, 1126 (9th Cir. 2002).  "The doctrine applies where there is no single incident that can
14 fairly or realistically be identified as the cause of significant harm." *Id.* (quotation omitted).

15       However, the doctrine does not apply to a single tortious act, such as publication of a
16 book. *Id.*  "Under the single publication rule, any one edition of a book or newspaper, or any one
17 radio or television broadcast, exhibition of a motion picture or similar aggregate communication
18 is a single publication." *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1130 (9th Cir.
19 2006) (quotation omitted).  "Under this rule, the aggregate communication can give rise to only
20 one cause of action in the jurisdiction where the dissemination occurred, and result in only one
21 statute of limitations period that runs from the point at which the original dissemination
22 occurred." *Id.*  The Ninth Circuit has applied the single publication rule to the Internet. *Id.* at
23

1131-32 (applying the rule to a Privacy Act claim based on publication of information on the Internet).

Pinder's claim is untimely under the single publication rule because the original post is a single publication even if it has remained continuously on Russell Road's social media page. Additionally, Pinder's argument that each time Russell Road posts something new to its social media accounts, it re-posts her image is both contrary to the single publication rule[2] and unsupported by the allegations in the complaint. I therefore grant Russell Road's motion to dismiss Pinder's Lanham Act claims.

*2. Nevada Right of Publicity*

The parties agree that there is no specific statute of limitation for Nevada's right of publicity statute. Russell Road argues the claim is most analogous to torts like libel and slander because they involve damage to reputation, so right of publicity should be governed by a two-year limitation period. The plaintiffs argue the four-year limitation period for NDTPA claims applies because the Supreme Court of Nevada has referred to a violation of the right of publicity as a form of unfair competition. Alternatively, they contend the four-year catchall limitation period should apply. They also argue that if a shorter limitation period applies, their claims are nevertheless timely under the continuing tort doctrine.

Nevada has enacted a statutory cause of action for the unauthorized use of a person's rights of publicity in his or her name, voice, signature, photograph, or likeness. Nev. Rev. Stat. § 597.770 *et seq*. The statute does not include a limitation period and the Supreme Court of Nevada has not addressed what limitation period applies to this claim. Where the state's highest

---

[2] *Cf. Canatella v. Van De Kamp*, 486 F.3d 1128, 1135 (9th Cir. 2007) (holding that the defendant posting the defendant's "disciplinary record in a different section of the same website did not give rise to a new cause of action").

7

court has not decided the issue, a federal court must predict how that court would decide. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). I may use "decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004) (quotation omitted).

Under Nevada law, the "nature of the claim, not its label, determines what statute of limitations applies." *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257, 260 (Nev. 2016) (en banc). "Typically, when a statute lacks an express limitations period, courts look to analogous causes of action for which an express limitations period is available either by statute or by case law." *Id.* (quotation and alteration omitted). Where a claim may not be analogized "to any other type of claim consistently," the four-year catchall in Nevada Revised Statutes § 11.220 applies. *Id.* at 261-62.

Nevada's right of publicity statute precludes others from making commercial use of a person's rights of publicity without written consent of the person or his successor in interest absent a few exceptions. Nev. Rev. Stat. § 597.790(2); *see also id.* § 597.810(1) (providing remedies for injunctive relief, damages, and punitive damages). "Commercial use" means using the person's "name, voice, signature, photograph or likeness . . . on or in any product, merchandise or goods or for the purposes of advertising, selling or soliciting the purchase of any product, merchandise, goods or service." *Id.* § 597.770(1).

The right of publicity is most analogous to the NDTPA because it addresses related acts like false representations of sponsorship or false affiliation. *See* Nev. Rev. Stat. §§ 598.0915(2), (3). Additionally, the Supreme Court of Nevada has described the right of publicity as "a form of unfair competition." *People for Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 895 P.2d 1269, 1284 (Nev. 1995). A right of publicity claim is not akin to libel or slander because

the right of publicity statute does not require the defamatory use of another person's likeness to. Rather, it prohibits the commercial use of another person's likeness without permission. To the extent it is unclear whether the right of publicity is more analogous to the NDTPA or defamation, then the catchall limitation period would apply. Either way, the plaintiffs' claims in this case are governed by a four-year limitation period. *See* Nev. Rev. Stat. §§ 11.190(2)(d), 11.220.

As with the Lanham Act claims, all of the plaintiffs' right of publicity claims are timely under a four-year limitation period except Pinder's. Pinder again argues that her claim nevertheless is timely under the continuing tort doctrine. The Supreme Court of Nevada has not addressed the single publication rule. I join another judge in this district who predicted Nevada would adopt the rule and would apply it to Internet posts for the reasons set forth in that decision. *See Williams v. Univ. Med. Ctr. of S. Nev.*, No. 2:09-cv-00554-PMP-PAL, 2010 WL 3001707, at *4-5 (D. Nev. July 28, 2010). Accordingly, I grant Russell Road's motion to dismiss Pinder's right of publicity claim as time-barred, but I deny the motion as to the other plaintiffs.

### B. Negligence

Russell Road argues, among other things, that the plaintiffs have not identified a duty of care, particularly where there are no allegations that Russell Road has a special relationship with the plaintiffs. The plaintiffs respond that Russell Road owed them a duty to ensure that it was not using their images "without authorization in such a way that it infringed on [their] property and publicity rights," a duty to maintain policies and procedures to prevent that unauthorized use of their images "to promote Crazy Horse," and that Russell Road "had a responsibility not to harm Plaintiffs by using their images and likenesses without authorization and without providing Plaintiffs with compensation." ECF No. 27 at 10-11. The plaintiffs contend the "existence of

this duty is supported by the statutory provisions, such as the Lanham Act and NRS 597.810." *Id.* at 11.

To state a negligence claim, a plaintiff must establish: "(1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Sanchez ex rel. Sanchez v. Wal-Mart Stores, Inc.*, 221 P.3d 1276, 1280 (Nev. 2009) (en banc). Whether a duty exists is a question of law for the court. *Sparks v. Alpha Tau Omega Fraternity, Inc.*, 255 P.3d 238, 244 (Nev. 2011).

The Supreme Court of Nevada has not directly addressed whether the duties the plaintiffs identify exist in the context of a negligence claim. However, that court has stated that the right of publicity statute "provides a complete and exclusive remedy for the right of publicity tort." *Hetter v. Eighth Judicial Dist. Court of State In & For Cty. of Clark*, 874 P.2d 762, 765 (Nev. 1994). Consequently, I predict Nevada would not recognize a common law duty to refrain from or take precautionary measures to protect against invading the right of publicity. *See Randazza v. Cox*, No. 2:12-CV-2040-JAD-PAL, 2014 WL 1407378, at *7 (D. Nev. Apr. 10, 2014) (concluding that "Nevada law does not recognize a common law right of publicity" because the statute is the "exclusive remedy for right of publicity torts" (quotation omitted)). I therefore grant Russell Road's motion to dismiss count four because the plaintiffs do not identify a duty that is not covered by the right of publicity statute.

## II.  CONCLUSION

I THEREFORE ORDER that defendant Russell Road Food and Beverage, LLC's motion to dismiss **(ECF No. 14) is GRANTED in part**. The motion is granted as to plaintiff Lucy Pinder's claims under the Lanham Act and Nevada's right of publicity statute. The motion is

also granted as to the negligence claim for all of the plaintiffs.  The motion is denied in all other respects.

DATED this 14th day of May, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE