**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar No. 6228
DAVID M. SEXTON, ESQ.
Nevada Bar No. 14951
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| EMILY SEARS, NAJOME COLON a/k/a GIA MACOOL, RACHEL BERNSTEIN a/k/a RACHEL KOREN, LUCY PINDER, and MARIANA DAVALOS<br><br>Plaintiffs,<br><br>vs.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB; and SN INVESTMENT PROPERTIES, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB<br><br>Defendants. | Case No. 2:19-cv-01091-APG-NJK<br><br>**STIPULATION AND ORDER FOR EXTENSION STAY**<br><br>**(SECOND REQUEST TO EXTEND STAY)** |

COMES NOW Plaintiffs, EMILY SEARS, NAJOME COLON aka GIA MACOOL, RACHEL BERNSTEIN a/k/a RACHEL KOREN, LUCY PINDER[1] and MARIANA DAVALOS, ("Plaintiffs") by and through their counsel of record, KURT R. BONDS, ESQ. and DAVID M. SEXTON, ESQ. of ALVERSON TAYLOR & SANDERS and Defendants, RUSSELL ROAD FOOD AND BEVERAGE, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB ("Russell Road") and SN INVESTMENT PROPERTIES LLC ("SN Investment")

---
[1] Lucy Pinder was previously dismissed from this matter. [Dkt. 46].

1                                                                                KB/26281

(collectively with Russell Road, "Defendants") by and through its counsel of record, JEFFERY A. BENDAVID, ESQ. and STEPHANIE J. SMITH, ESQ. of BENDAVID LAW, and hereby submit this request for an additional extension of the stay previously ordered and extended by this Court due to the ongoing concerns and restrictions, and now reversals to some phases of reopening from the COVID-19 pandemic, particularly in light of the extremely high virus transmission rate presently occurring in Nevada, California, and Arizona.[2] Additionally, Governor Sisolak has halted further reopening of Nevada and tightened certain restrictions.

The Parties originally submitted a joint motion for stay due to the developing crisis surrounding the pandemic from COVID-19, and then a subsequent stipulation to extend the stay for 30 days to determine what new developments may occur in response to the ongoing pandemic. [Dkts. 41, 44, 48]. Based on the good cause presented in the previous motion, stipulations, and the stay, including but not limited to the Parties' mutual inability to meaningfully participate in the discovery process due to the multiple restrictions, closures, and various other directives by the Governor of Nevada, the Center for Disease Control, and the Federal Government, this Court granted the Parties' request for a stay. [Dkt. 42, 44, 48]. That stay was then extended for an additional 30 days at the joint request of the Parties due to the fact that the reopening of Nevada and loosening of restrictions was not progressing as quickly as the Parties had hoped. [Dkt. 49, 50].

The Parties are now seeking to extend the stay for an additional 45 days. Although Nevada previously commenced some phased processes to return to conducting normal business, this reopening has halted and there are still numerous restrictions in place, including additional restrictions being imposed, in particular ones that impact the Defendant in this matter. Additionally, neighboring jurisdictions have also halted or reversed some of their re-openings,

---

[2] https://news3lv.com/news/local/nevada-has-highest-transmission-rate-for-coronavirus-in-the-nation-data-shows; https://www.reviewjournal.com/videos/coronavirus-transmission-rate-in-nevada-is-the-highest-in-the-us/

and the Parties anticipate that there may be additional restrictions to follow in Nevada. Plaintiffs still reside in other jurisdictions (including international) and there are still varying levels of restrictions, stay-at-home orders, and other directives advising against any non-essential travel for the Plaintiffs and other anticipated key witnesses. Also, even though discovery has been stayed, the Parties are still discussing the possibility of the resolution of this matter; however, based on the current restrictions, communications have continued to be delayed. Additionally, the fact that gentlemen's clubs are still shuttered at the governor's order in Nevada, and have been for over four months, has presented Defendant with financial difficulties that will have a significant impact on their ability to engage in needed discovery and meaningful settlement talks if the stay in this matter is not extended. These extraordinary circumstances warrant good cause to extend the present stay.

The present stay is set to expire on August 3, 2020, as such the Parties request an additional 45 days, until September 17, 2020, in order to continue to accommodate the unprecedented events occurring globally, evaluate the status of reopening, and determine the best course of action, while also continuing to discuss the possibility of other resolution of the matter. As such, good cause exists for the requested extension of stay.

**1.   Discovery That Has Been Completed**

The parties have completed the following discovery:

- Plaintiffs served their first set of written discovery on October 29, 2019.
- Defendants served responses on December 20, 2019.
- Plaintiffs served their second set of written discovery on November 19, 2019.
- Defendants responded on January 6, 2020.
- Defendants served their first set of written discovery on January 10, 2020.
- Plaintiffs responded on February 18, 2020.

- Defendants served their second set of requests for production on February 26, 2020.
- Defendants noticed the depositions of Plaintiffs on February 6, 2020, and amended notices of deposition on February 25, 2020, based on a meet and confer of the Parties.
- Both Plaintiffs and Defendants provided their initial expert disclosures on March 2, 2020.

**2.   Discovery That Remains to Be Completed**

The following discovery by the parties remains to be completed:

- The Parties will conduct depositions of necessary parties, including the Plaintiffs, Defendants' corporate representatives, and experts.
- The Parties will serve expert rebuttal reports, if any are determined to be necessary.
- The Parties anticipate additional written discovery and/or depositions to be conducted based on additional information that the Parties are discovering.

**3.   Reasons Why Remaining Discovery Was Not Completed**

The discovery that remains to be complete has not been and cannot be completed within the time limits set by the current discovery plan. There may be additional disputes, and/or disputes to resolved regarding written discovery, deposition scheduling, travel, social distancing requirements, and additional health concerns.

Prior to the stay entered by this Court, Parties were trying to coordinate depositions, which was practically impossible as none of the Plaintiffs live in Las Vegas, Nevada, and some live outside of the country, and there were, and continue to be, significant travel restrictions in place. Obviously, the Parties have not conducted any additional discovery since the Joint Motion for a Stay of Discovery due to the fact that said Motion was granted and discovery has been stayed in this case since that time. The Parties were hopeful at that time that the concerns and

restrictions brought on by the COVID-19 pandemic would be resolved by now, or at least that the Parties would have a better idea of when the restrictions and regulations would be lifted. However, it is still unclear when the restrictions that have been put in place will be resolved and, if anything, the concerns and restrictions caused by the COVID-19 pandemic have only just begun to be lifted; however such restrictions are still significantly impacting Defendants.

The Parties agree that an extension of the present stay is needed for the reasons discussed above and the Parties affirm that this extension is sought in good faith, and not for reasons of undue delay.

**IT IS SO STIPULATED.**

Dated: July 29, 2020

**ALVERSON TAYLOR & SANDERS**

By: /s/ *David M. Sexton, Esq.*
**DAVID M. SEXTON, ESQ.**
Nevada Bar No. 14951
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
*Attorneys for Plaintiffs*

Dated: July 29, 2020

**BENDAVID LAW**

By: /s/ *Stephanie J. Smith, Esq.*
**STEPHANIE J. SMITH, ESQ.**
Nevada Bar No. 11280
7301 Peak Dr., Suite 150
Las Vegas, Nevada 89128
*Attorneys for Defendants*

**SCHEDULING ORDER**

Based upon a showing of good cause, the Parties' request to extend the present stay from August 3, 2020 to September 17, 2020 is granted with the Parties to submit a proposed revised discovery schedule by the 14th day of September, 2020.

**IT IS SO ORDERED.**

DATED this 30th day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE