1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SAO**
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
**STEPHANIE J. SMITH, ESQ.**
Nevada Bar No. 11280
**BENDAVID LAW**
7301 Peak Drive Suite 150
Las Vegas, Nevada 89128
Tel: (702) 385-6114
jbendavid@bendavidfirm.com
ssmith@bendavidfirm.com
*Defendants Russell Road Food and Beverage, LLC*
*d/b/a Crazy Horse III and*
*SN Investment Properties, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| EMILY SEARS, NAJOME COLON aka GIA MACOOL, RACHEL BERNSTEIN a/k/a RACHEL KOREN, LUCY PINDER and MARIANA DAVALOS,<br><br>              Plaintiffs,<br><br>  vs.<br><br>RUSSELL ROAD FOOD AND BEVERAGE, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB; and SN INVESTMENT PROPERTIES, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB<br><br>             Defendant. | Case No.: 2:19-CV-01091-APG-NJK<br><br>**STIPULATION AND ORDER FOR EXTENSION STAY**<br><br>**(SIXTH REQUEST)** |

       COMES NOW Plaintiffs, EMILY SEARS, NAJOME COLON aka GIA MACOOL,

RACHEL BERNSTEIN a/k/a RACHEL KOREN, and MARIANA DAVALOS, ("Plaintiffs")

by and through their counsel of record, KURT R. BONDS, ESQ. and

Page 1 of 6

DAVID M. SEXTON, ESQ. of ALVERSON TAYLOR & SANDERS and Defendants, RUSSELL ROAD FOOD AND BEVERAGE, LLC d/b/a CRAZY HORSE III GENTLEMEN'S CLUB ("Russell Road") and SN INVESTMENT PROPERTIES LLC ("SN Investment") (collectively with Russell Road, "Defendants") by and through its counsel of record, JEFFERY A. BENDAVID, ESQ. and STEPHANIE J. SMITH, ESQ. of BENDAVID LAW, and hereby submit this request for an additional extension of the stay previously ordered by Judge Andrew Gordon. The Parties have been engaged in good faith settlement negotiations with the assistance of Judge Brenda Weksler serving as the settlement judge. The Parties were going to continue their settlement conference with Judge Weksler on August 23, 2021, however, since the Parties are waiting for some additional information, they jointly requested and thereby received an additional continuance for the settlement conference. The Parties have a settlement conference scheduled now for November 17, 2021, in the hopes of reaching a final resolution. Accordingly, both Parties request for the present stay, which was set to expire on August 23, 2021, to also be continued until November 17, 2021, in order to avoid additional litigation costs in the hopes of maintaining and continuing the settlement negotiations.

The Parties originally and have previously submitted a joint motion for stay, and due to the developing and now ongoing crisis surrounding the pandemic from COVID-19, and then a subsequent stipulation to extend the stay for 30 days to determine what new developments may occur in response to the ongoing pandemic. [Dkts. 41, 44, 48, 54].

Based on the good cause presented in the previous motion, stipulations, and the stay, including the most recent stay granted by Judge Andrew Gordon, the Parties stipulate and request an order extending the stay. Since there are still significant expert reports and deposition costs that would be incurred if the Parties were forced to continue to litigate while in the midst

of negotiations, it is anticipated that the potential to settle would be significantly impeded if both sides were to incur these costs at this juncture.

As such, good cause exists for the requested extension of stay.

**1.**        <u>**Discovery That Has Been Completed.**</u>

The parties have completed the following discovery:

- Plaintiffs served their first set of written discovery requests on October 29, 2019.

- Defendants served responses on December 20, 2019.

- Plaintiffs served their second set of written discovery on November 19, 2019.

- Defendants responded on January 6, 2020.

- Defendants served their first set of written discovery on January 10, 2020.

- Plaintiffs responded on February 18, 2020.

- Defendants served their second set of requests for production on February 26, 2020.

- Defendants noticed the depositions of Plaintiffs on February 6, 2020, and amended notices of deposition on February 25, 2020, based on a meet and confer of the Parties.

- Both Plaintiffs and Defendants provided their initial expert disclosures on March 2, 2020.

- Defendants provided a supplemental 26.1 disclosure on or about February 5, 2021.

- Defendants have taken the deposition of Mariana Davalos on February 9-10, 2021

- Defendants served and additional 26.1 disclosure on or about February 12, 2021.

- Defendants have served an additional set of requests for production on or about February 12, 2021, and March 11, 2021.

- Defendants have served multiple amended notices of deposition in order to accommodate Plaintiffs' varying schedules, and shifting availability.

- The Parties have met and conferred about production of documents.

- The Parties have conferred about expert availability and engaging in additional expert discovery.

**2.      Discovery that Remains to Be Completed**.

The following discovery by the parties remains to be completed:

The Parties will conduct depositions of necessary parties, including the remaining Plaintiffs, Defendants' corporate representatives, and each of the Parties' experts.

The Parties will serve expert rebuttal reports, if any are determined to be necessary.

The Parties anticipate additional written discovery and/or depositions to be conducted based on additional information that the Parties are discovering.

**3.      Reasons Why Remaining Discovery Was not Completed**.

The discovery that remains to be complete has not been and cannot be completed within the time limits set by the current discovery plan because there weas a stay in place until August 23, 2021, and there are ongoing settlement discussions. There may be additional disputes, and/or disputes to resolved regarding written discovery, deposition scheduling, travel, social distancing requirements, and additional health concerns.

Prior to the stay entered by the Court, Parties were trying to coordinate depositions, which was practically impossible as none of the Plaintiffs live in Las Vegas, Nevada, and some live outside of the country, and there are significant travel restrictions in place. Obviously, the Parties have not conducted any additional discovery since the Joint Motion for a Stay of Discovery due to the fact that said Motion was granted and discovery has been stayed in this case. The Parties were extremely hopeful that that the concerns and restrictions brought on by the COVID-19 pandemic would be resolved by now, or at least that the Parties would have a better idea of when the restrictions and regulations would be lifted, this is plainly not the case.

1    The Parties have a good faith belief that they are close to a resolution and that incurring

2    additional fees and costs would significantly hinder reaching a resolution.

3           The Parties agree that an extension of the stay is needed for the reasons discussed above

4    and the Parties affirm that this extension is sought in good faith, and not for reasons of undue

5    delay.

6

7

8    **IT IS SO STIPULATED.**

9    Dated: August 27, 2021                              Dated: August 27, 2021

10   **ALVERSON TAYLOR & SANDERS**              **BENDAVID LAW**

11

12   By:  /s/ *David M. Sexton, Esq.*                    By:  */s/ Jeffery A. Bendavid, Esq.*
     **KURT R. BONDS, ESQ.**                            **JEFFERY A. BENDAVID, ESQ.**
13   Nevada Bar No. 6228                                 Nevada Bar No. 6220
     **DAVID M. SEXTON, ESQ.**                           **STEPHANIE J. SMITH, ESQ.**
14   Nevada Bar No. 14951                                Nevada Bar No. 11280
     6605 Grand Montecito Parkway                        7301 Peak Dr., Suite 150
15   Suite 200                                           Las Vegas, Nevada 89128
     Las Vegas, Nevada 89149                             *Attorneys for Defendants*
16
     *Attorneys for Plaintiffs*
17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SCHEDULING ORDER**

Based upon a showing of good cause, the Parties' request to extend the stay until November 17, 2021 is granted with the Parties to submit a proposed revised discovery schedule by    no later than November 24, 2021        ~~2021~~ if the matter does not resolve at that settlement conference.

**FURTHER EXTENSIONS WILL REQUIRE A SHOWING OF SIGNIFICANT PROGRESS TOWARDS SETTLEMENT OR OTHER EXTRAORDINARY CIRCUMSTANCES**

**IT IS SO ORDERED.**

DATED August 30, 2021

_____

**UNITED STATES MAGISTRATE JUDGE**